## ORTHODOX JEW MAY KEEP BARBER SHOP OPEN ON SUNDAY.

Common Pleas Court of Franklin County.

H. ROBINS v. STATE OF OHIO.

Decided, October 13, 1915.

*Sunday Closing—Barber Shop May be Kept Open—Where the Proprietor Conscientiously Observes Saturday as a Holy Day.*

While Section 13047, General Code, which prohibits barbering on Sunday, contains no exception in favor of persons who conscientiously observe the seventh day of the week as the Sabbath, it is in *pari materia* with the statutes against Sabbath desecration which contain such exception; it therefore follows that one who conscientiously observes as a holy day the period from sundown on Friday to sundown on Saturday, refraining from all work and keeping his shop closed during that time, may avail himself, in defense of prosecution under the statute against barbering on Sunday, of the exception prescribed for those observing the seventh day as the Sabbath.

*Robert J. Beatty,* for plaintiff in error.
*Louis A. Alcott,* contra.

RATHMELL, J.

On September 21, 1915, Robins was found guilty of violating the statute against barbering on Sunday. He was charged with engaging in the business of barbering on August 22, 1915, being Sunday. The case was submitted upon an agreed statement of facts. It is admitted that he was engaged in the business of barbering on the day alleged, and that he is an orthodox Jew who conscientiously observes the Sabbath as a holy day, from sundown Friday evening until sundown Saturday evening, and that during the Sabbath day, because of his religious belief, he refrains from all work, and on the Sabbath keeps his place of business closed, and does not engage in any business on that day.

The prosecution is under Section 13047, General Code, which contains no exception in favor of persons who conscientiously observe the seventh day of the week as the Sabbath and abstain thereon from doing things prohibited on Sunday.

The question is whether such defense is available to plaintiff in error, otherwise challenging the constitutionality of the law.

In *Stanfeal* v. *State,* 78 Ohio St., 24, the Supreme Court had under consideration the law in question, Section 13047, General Code. The law was upheld. The question raised here was not directly involved in that case, but we think the point involved in this case was not overlooked in that case. The court in its opinion, p. 40, says:

"If anything is urged against the law because it does not except the rights of those who conscientiously observe the seventh day of the week as Sunday, it is suggested that Section 7033-1 (R. S.) is a part of the general legislative scheme to regulate the observance of Sunday, in which such exception is provided."

This we conclude is a recognition by the Supreme Court that Section 13047, General Code, is *in pari materia* with Sections 13044 and 13045, General Code, of the Sunday law, where an exception in favor of those persons who conscientiously observe the seventh day of the week as the Sabbath, and abstain thereon from doing things therein prohibited on Sunday, is provided.

The rule appears well established that statutes *in pari materia* are to be construed together and as one act.

"Where there are earlier acts relating to the same subject the survey must extend to them; for all are for the purpose of construction considered as forming one homogeneous and consistent body of law, and each of them may explain and elucidate every other part of the common system to which it belongs." *Endlich, Interp. Stat.,* Section 43.

In *Roberts* v. *Briscoe,* 44 Ohio St., 596, 600, Sections 5240, 5241, 5242 and 5243, Revised Statutes, were considered *in pari materia,* and to be construed as one act.

For illustration of the application of the rule of construing statutes *in pari materia* though passed at different times, as one act, see *Perkins* v. *Perkins,* 62 Bost., 531; and *Neeld's Road,* 1 Pa. St., 353, 355.

We hold that Section 13047, General Code, is not in violation of the Constitution of Ohio and is *in pari materia* with Sections 13044 and 13045, General Code, and should be construed together; and that, being *in pari materia* the exception provided in Section 13045, General Code, avails the plaintiff in error, and that the defense urged by him was good, and the conviction was contrary to law and the evidence and should be reversed.

Judgment reversed.